<u>**NOT FOR PUBLICATION**</u>                                                                          [32]


<u>UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY</u>

| | | |
|---|---|---|
| ALBERTO ELLI, | : | Civil Action No. 06-1240 (FLW) |
| Plaintiff, | : | |
| v. | : | |
| GENMAB, INC. and LISA N. DRAKEMAN, | : | |
| | : | **OPINION** |
| Defendants. | : | |

<u>**WOLFSON, District Judge**</u>:

      Presently before the Court is a Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) by Plaintiff, Alberto Elli ("Elli"), asking this Court to reconsider its October 12, 2006 Order staying litigation pending the outcome of arbitration in Denmark. Specifically, Elli contends that he has acquired new evidence regarding the costs of Danish arbitration and, based upon this evidence, asks this Court to now find that the forum selection clause requiring arbitration in Denmark and in the Danish language is unenforceable. The Court has considered the moving and opposition papers and, for the reasons set forth below, the Court will deny Plaintiff's motion.

**I. BACKGROUND**

      The facts of this case are well known to the parties, thus a brief summary will suffice at this juncture. Defendant, Genmab Inc., is a Delaware Corporation with its principal place of

business in Princeton, New Jersey.  On May 16, 2005, Elli was offered a position as Senior Vice President and Chief Financial Officer ("CFO") with Genmab and its Danish parent company, Genmab A/S.  The terms of hire were initially set forth in a letter of employment dated May 16, 2005.  Elli accepted this offer and entered into an employment agreement dated May 2005 that was captioned "Service Agreement between Genmab A/S and Genmab Inc., on the one hand and Alberto Elli on the other hand."  Elli initialed or signed each of the 10 pages of the agreement.  In addition, Elli asked an attorney, Kevin Ryan, Esq. ("Ryan"), to review the employment agreement.

Pursuant to the employment agreement, Elli was to become CFO of Genmab and dedicate 10 percent of his time to Genmab A/S and 90 percent of his time to Genmab, Inc. In addition, the agreement provided, in relevant part:

> This Service Agreement shall in all matters be governed by and construed in accordance with the laws of the Kingdom of Denmark. Any dispute or claim out of or in connection with this Service Agreement shall be resolved as follows: (1) for a period of 45 days after a dispute arises the parties shall negotiated in good faith in an effort to resolve the dispute, and (2) if the dispute has not been resolved at the close of such 45 days-period, <u>the matter shall be settled by arbitration in accordance with the procedural rules of the Danish Institute of Arbitration (Copenhagen Arbitration)</u>.  The arbitration tribunal shall be composed of three members, of whom each party appoints one while the Danish Institute of Arbitration appoints the third member, who shall be Chairman of the arbitration tribunal. . . .<u>The arbitration tribunal shall have its seat in Copenhagen and the language of the proceedings shall be in Danish</u>.

On June 1, 2005, Plaintiff commenced employment as the CFO of Genmab. Thereafter, on June 30, 2005, Plaintiff received a letter signed by Lisa N. Drakeman ("Drakeman") on behalf of Genmab A/S and Genmab, Inc.,  suspending him immediately from his job as CFO.

2

Drakeman's letter explained that Elli's suspension was taken "pursuant to Article 11 of the Service Agreement. . . pending a determination whether "cause" exists for termination of...employment."  Thereafter on August 4, 2005, Drakemen sent Elli a later informing him that he was terminated for cause. Specifically, Drakeman's letter asserted that "[i]n the materials you submitted to the company as part of your application for employment, you clearly represented that your education and professional qualifications were. . .comparable to that of a . . . CPA in the USA" and that "such qualification was paramount in the Company's decision to make you an offer of employment."  Moreover, the letter cited insubordination as an additional basis for terminating Elli with cause.

On February 6, 2006, Plaintiff filed a Complaint in the New Jersey Superior Court, Mercer County, alleging three counts of breach of contract, two counts of tortious interference with contract and requesting declaratory relief finding the forum selection clause unenforceable. On March 17, 2006, Defendants removed the case to the District of New Jersey.  On May 3, 2006, Defendants filed a Motion to Dismiss and Stay Pending Arbitration.  On October 12, 2006, I denied Defendants' Motion to Dismiss and, after finding the forum selection clause to be enforceable, I stayed the litigation pending arbitration of this matter in Denmark.  Subsequently, on November 8, 2006, Plaintiff filed a Motion for Reconsideration pursuant to Local Civil Rule 7.1[1]. Specifically, Plaintiff contends that he acquired new evidence regarding the exorbitant costs

---

[1] While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such a review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2005).  Courts in this district have routinely held that although Local Civil Rule 7.1(I) is entitled "Motions for Reargument," "'[r]econsideration' and 'reargument' are interchangeable terms," and, however denominated, are governed by the rule. Public Interest Research Group v. Yates Indus., 790 F.

of arbitration in Denmark and that based on this evidence, the Court should grant Plaintiff's Motion and find that the forum selection clause is not enforceable. Plaintiff does not dispute that the matter should proceed to arbitration, only where that process should occur.

**II. DISCUSSION**

Local Civil Rule 7.1(i) allows a party to seek reconsideration if there "matter[s] or controlling decisions which the party believes the Judge… has overlooked." L. Civ. R. 7.1(i). If the party believes there are matters that were overlooked he may file a Motion for Reconsideration "within 10 business days after the entry of the order or judgment on the original motion."[2] However, it is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through -- rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)  Instead,

---

Supp. 511, 512 n.1 (D.N.J. 1991). Consequently, motions for reconsideration filed in the District of New Jersey are governed by L. Civ. R. 7.1(I), rather than Fed. R. Civ. P. 59(e). Compaction Sys. Corp., 88 F. Supp. 2d at 345.

[2]The Court does not agree with Plaintiff's unsupported and incorrect assertion that a motion for reconsideration must be filed "within 10 business days of receipt of the new evidence", Pl's Br. at 7; indeed, Rule 7.1 explicitly states that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1.  Plaintiff's Motion for Reconsideration, which was filed almost four weeks after this Court's Order, is untimely, and Plaintiff has not asked this Court to toll the filing date.  Nevertheless, the Court will refrain from further discussion about the timeliness of the motion, and will, instead, dispose of the instant motion on the merits.

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.2 005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J.2001). It is well-established that a court may only grant a motion for reconsideration if the movant can show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999). Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J.1996); Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986). Indeed, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; instead, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J.1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 163 (D.N.J.1988).

In the instant matter, Plaintiff contends that he acquired new evidence regarding the exorbitant cost of Danish Arbitration[3]. The new evidence to which Plaintiff refers consists

---

[3]Although Plaintiff contends that the evidence he attaches to his Motion for Reconsideration is "recently acquired", Plaintiff does not offer any explanation as to why this material was not provided to the Court during the initial consideration of the forum selection clause. Indeed, the Court notes that there is nothing timely about the information that is now before me, and the Court is simply left wondering whether the only reason this evidence was not

entirely of an email from a Danish attorney that discusses the admission charges and fees for Danish arbitration. In light of this email, Plaintiff contends that Danish arbitration would cost $69,000 exclusive of travel costs, that these costs are exorbitant and would, essentially, deny Plaintiff his "day in Court." Thus, Plaintiff asks the Court to reconsider its October 12, 2006 Order and find that the forum selection clause requiring arbitration in Denmark and in the Danish language is unenforceable.

As discussed at length in my initial Opinion, forum selection clauses are entitled to great weight and are presumptively valid. Wall Street Aubrey Golf, LLC v. Aubrey, 2006 WL 1525515 (3d Cir.2006); see also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir.1983) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11, (1972)). The enforceability of forum selection clauses is governed by the doctrine of M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). There, the Supreme Court held that forum selection clauses must be strictly enforced, unless the enforcement would be "unreasonable and unjust," or unless the resisting party could show countervailing or compelling reasons why it should not be enforced. Id. at 15. Indeed, the Bremen Court noted that absent a showing that adjudication "in the contractual forum will be so gravely difficult and inconvenient that [the resister] will for all practical purposes be deprived of his day in court," there is no basis for refusing to hold a party to their contractual choice of forum. Id. at 18.

Initially, I note that the Court is sympathetic to Plaintiff's difficult position in this matter. Indeed, given Elli's 29 day period of employment, it does appear harsh to require him to assert

---

initially available to the Court was because Plaintiff only sought this evidence after my initial opinion. Nevertheless, the Court will consider the merits of the "new" evidence that Plaintiff attaches in support of his motion.

his claims in a far off locale. Despite my sympathy for Plaintiff's situation, however, Elli has failed to present any evidence that would enable this Court to reconsider its October 12, 2006 Order.

To begin, the only new evidence that Plaintiff relies on to support his motion for reconsideration is an email from a Danish attorney detailing the costs of Danish arbitration. In light of this email, Plaintiff contends that it would cost $69,000, exclusive of travel, to arbitrate this matter in Denmark. Based on the actual figures set forth in the email, the Court does not agree. Indeed, the Court finds that the $69,000 figure relied upon by the Plaintiff only represents the high end of the range of anticipated costs, and, in fact, that the costs of the arbitration could fall anywhere between $40,000 and $69,000. In addition, Plaintiff does not account for the fact that the Danish arbitration system requires the costs of arbitration to be born by the losing party; with this in mind, Plaintiff has at least a 50% chance of succeeding on the substantive merits of his claims against Genmab.

Moreover, and more importantly, Plaintiff has not attached any documentation to his brief to establish that the costs of arbitration in Denmark would amount to a financial hardship. Indeed, at no point during this litigation has Plaintiff has provided the Court with a certification or affidavit regarding his financial status. At this juncture, Plaintiff has merely contended, in his brief, that " the exorbitant costs of arbitrating this matter in Denmark may preclude Plaintiff from receiving a determination regarding the underlying contract dispute. " Pl's Br. at 6. Absent the necessary factual background regarding Plaintiff's financial status, this Court simply can not determine whether it would be "gravely difficult" or "unreasonable and unjust" for Plaintiff to be forced to arbitrate this dispute in Denmark. For these reasons, the Court must deny Plaintiff's

Motion for Reconsideration.


### III. CONCLUSION

       For the foregoing reasons, Plaintiff's Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is denied.  An appropriate order will follow.


Dated: March 6, 2007                                s/ Freda L. Wolfson
                                                             Honorable Freda L. Wolfson
                                                             United States District Judge